IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01623-MSK-BNB

STEVEN C. JACOBS, and
RHONDA JACOBS, individually and on behalf of their
minor daughter, and
JANE DOE,

        Plaintiffs,

v.

ALLSTATE CAFETERIA PLAN,

        Defendant.

## ORDER DENYING MOTION FOR PARTIAL JUDGMENT
## ON THE PLEADINGS, AS MOOT

THIS MATTER comes before the Court on the Defendant's Motion for Partial Judgment on the Pleadings **(#27)**. Having considered the motion, the response **(#29)**, and the reply **(#33)**, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

In this action, the Plaintiffs assert a claim to recover health insurance benefits pursuant to a Plan administered by the Defendant. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

The Defendant contends that the Plaintiffs' common law claim for bad faith breach of an insurance contract is preempted by ERISA. It claims, in the alternative, that such claim fails to

state a claim upon which relief may be granted because it pertains to a self-funded medical coverage option under the Plan rather than an insurance contract. The Plaintiffs respond that the motion is moot because no such claim is asserted in their Amended Complaint. In reply, the Defendant contends that the Plaintiffs' argument is disingenuous because they continue to assert a claim for bad faith breach of an insurance contract, as evidenced by the Scheduling Order **(#26)**.

### III. Issue Presented

The Court must determine whether the Defendant is entitled to judgment on the pleadings or whether its motion is moot.

### IV. Analysis

According to the Plaintiffs' First Amended Complaint **(#12)**, they assert claims solely pursuant to ERISA. No bad faith breach of insurance contract claim is asserted therein. Although the Scheduling Order **(#26)** suggests that the Plaintiffs seek to recover damages for bad faith breach of an insurance contract, their response explicitly states that they are not pursuing such claim. No more need be said.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Partial Judgment on the Pleadings **(#27)** is **DENIED**, as moot.

Dated this 11th day of May, 2006

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge