IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01623-MSK-BNB

STEVEN C. JACOBS, and
RHONDA JACOBS, individually and on behalf of their
minor daughter, and
JANE DOE,

       Plaintiffs,

v.

ALLSTATE CAFETERIA PLAN,

       Defendant.

## ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Plaintiffs' Motion to Amend Complaint **(#44)**, which the Defendant opposes **(#47)**. The Plaintiffs have filed no reply. Also before the Court is the Defendant's Motion for Summary Judgment and supporting brief **(#38)**, to which the Plaintiffs responded **(#41)** and the Defendant replied **(#42)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. The Motion to Amend

The Plaintiffs commenced this action in state court against Allstate Insurance Company, which removed the action to federal court. After removal, the Plaintiffs filed an Amended Complaint **(#12)** claiming entitlement to insurance coverage for medical expenses they incurred due to the institutionalization of their minor daughter, pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

The Plaintiffs' claim arises from a requirement imposed by the Allstate Cafeteria Plan[1] that they travel twice per month to a residential treatment facility for group therapy with their daughter. The Plaintiffs contend that the Defendant informed them of this requirement the day before their daughter was to be transferred to a new institution in Utah. They contend that they were not able to comply with the requirement, and were therefore forced to place their daughter in a less-expensive out-of-network institution, resulting in a denial of benefits.

The Amended Complaint contained no enumeration of claims and asserted a single claim under ERISA. However, among the allegations the Plaintiffs made was the following: "Defendant was negligent and breached its obligations to the Plaintiffs in that it knew or should have known that its agent, Value Options, intentionally, recklessly and detrimentally self-imposed the visitation requirements on the Plaintiffs without reason, cause or justification in order to deny benefits to the Plaintiffs and that such conduct was unreasonable and a violation of the plan."

The Plaintiffs now move to amend their Complaint to include a negligence claim. Like the ERISA claim, the proffered negligence claim seeks insurance coverage for the medical expenses incurred by the Plaintiffs on behalf of their daughter. Such claim is premised upon the same facts as the ERISA claim.

The Defendant opposes the motion. It contends that the negligence claim would be futile because it is preempted by ERISA. It also contends that further amendment of the Complaint is untimely, because it comes more than 18 months after the Plaintiffs' filed their Complaint and

---

[1] The Amended Complaint asserted claims against Allstate Insurance Company. Subsequently, upon the stipulation of the parties, Allstate Cafeteria Plan was substituted as the Defendant.

more than 5 months after the completion of discovery.

Pursuant to Fed. R. Civ. P. 15(a), after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  A court may deny leave to amend when the proposed amendment would be futile.  *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

Here, the Court is asked to consider whether a negligence claim would be preempted by ERISA.  The Tenth Circuit's decision in *Kidneigh v. UNUM Life Ins. Co. of America*, 345 F.3d 1182 (10th Cir. 2003), describes the framework for a preemption analysis.  Such analysis begins with ERISA's broad preemption clause, which states: "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see Kidneigh*, 345 F.3d at 1184.  The analysis then turns to ERISA's saving clause, which provides: "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."  29 U.S.C. § 1144(b)(2)(A); *Kidneigh*, 345 F.3d at 1184.  The saving clause directs the Court to ERISA's deemer clause, which provides:

> Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

3

29 U.S.C. § 1144(b)(2)(B); *Kidneigh*, 345 F.3d at 1184.[2]

In determining the applicable framework, the Tenth Circuit in *Kidneigh* relied upon the United States Supreme Court's decision in *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45 (1987). In *Pilot Life*, the Supreme Court explained the interplay of these various ERISA provisions:

> If a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted. The saving clause excepts from the pre-emption clause laws that "regulat[e] insurance." The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company.

*Pilot Life Ins. Co.,* 481 U.S. at 45 (citations omitted). A state law claim relates to an ERISA plan when it has a connection or reference to such a plan. *Id.* at 47 (citation omitted). To regulate insurance, "a state law must be 'specifically directed toward' the insurance industry in order to fall under ERISA's saving clause; laws of general application that have some bearing on insurers do not qualify." *Kentucky Ass'n of Health Plans, Inc. v. Miller,* 538 U.S. 329 (2003).

Here, the proffered negligence claim relates to an employee benefit plan. Indeed, the Plaintiffs seek the payment of benefits under a plan which they concede is subject to ERISA. Colorado negligence law does not "regulate insurance," because such law is not directed toward entities engaged in insurance. Thus, the ERISA saving clause does not apply, and a negligence claim would be preempted. Amendment of the Complaint to include a negligence claim would therefore be futile. Therefore, the Court denies the Plaintiffs' motion to amend their Complaint.

---

[2] The Tenth Circuit in *Kidneigh* held that Colorado bad faith breach of insurance contract claims are preempted by ERISA because they conflict with ERISA's remedial scheme. It also held that such claims do not fall within ERISA's savings clause and are expressly preempted.

## II. Motion for Summary Judgment

The Defendant moves for summary judgment on the Plaintiffs' ERISA claim. It contends that the Plaintiffs cannot prove that the Plan Administrator acted under a conflict of interest or that the decision to deny benefits was arbitrary and capricious.[3]

The Plaintiffs oppose the motion.[4] They contend that the imposition of a family therapy requirement by third-party administrator ValueOptions was contrary to the plain language of the Plan. They also contend that their daughter's doctor recommended her placement at an out-of-state institution to reduce her chance of escaping, and that it was not possible to comply with this treatment recommendation and engage in family therapy. They ask the Court to conduct a *de novo* review of their claim, but cite to no legal authority warranting such review. They also contend that "[t]he Value Option physicians clearly demonstrate a conflict of interest as they were employed by Value Options and their conflict should be taken into account."

As the Court previously advised the parties at a Rule 16 hearing held December 15, 2005, ERISA cases such as this are not particularly amenable to standard litigation practices. This is because a claim for benefits under ERISA is, in essence, an appeal from the Plan Administrator's decision. In all but the rarest of cases, the Court's review is restricted to consideration of the

---

[3] In support of its motion, the Defendant has submitted two affidavits – one from Plan Administrator Rodney Daniels, and the other from ValueOptions Senior Account Executive Larry Pile. It also has submitted the following exhibits: (1) the Allstate Cafeteria Plan Summary Plan Description ("SPD"); (2) ValueOptions' call center notes; and (3) a list of clinical criteria pertaining to admission into, continued stay at, and discharge from a residential treatment center.

[4] They submitted an affidavit from Plaintiff Rhonda Jacobs in support of their opposition. They have not submitted any other evidence and instead rely upon what the Defendant submitted.

record before the Plan Administrator.[5]

The parties' submissions demonstrate the particular difficulty of resolving ERISA claims on a motion for summary judgment. Both sides agree that the SPD submitted by the Defendant is the applicable SPD. It provides in pertinent part:

> The Plan Administrator has the discretionary authority to determine all questions arising under the provisions of the Cafeteria Plan, including the power to determine the rights and eligibility of participants or any other persons, to make factual determinations, to construe and interpret the terms of the Cafeteria Plan, and to remedy ambiguities, inconsistencies or omissions. Any construction, interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

This document shows that the Plan documents confer discretion upon the Plan Administrator in administering benefits, and thus, review is under an arbitrary and capricious standard. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Adamson v. Unum Life Ins. Co. of America*, 455 F.3d 1209, 1212 (10th Cir. 2006).

The Plaintiffs do not contend that there is a conflict of interest between the Plan Administrator and the insurer which displaces the burden of proof or diminishes the deference given to the Plan Administrator's decision.[6] *See DeGrado v. Jefferson Pilot Financial Ins. Co.,*

---

[5] The Plaintiffs have asked for a "*de novo* hearing", perhaps because they intend to offer evidence in support of their position. It is a commonly misunderstood notion that *de novo* review in an ERISA case allows the Court to consider matters outside of the administrative record. Only in exceptional circumstances does the record get expanded during *de novo* review. *See Hall v. UNUM Life Ins. Co.,* 300 F.3d 1197, 1202 (10th Cir. 2002). The Plaintiffs have not argued that any such exceptional circumstances exist, but in any event have made no demonstration or proffer that *de novo* review or the admission of extra-record evidence is warranted in light of the facts of this case.

[6] Their reference to a conflict of interest on the part of ValueOptions' physicians is not pertinent, because it is not the insurer.

451 F.3d 1161, 1167-68 (10th Cir. 2006). Thus, the Court's review of the Plan Administrator's decision is limited to the administrative record, which consists of the materials compiled by the administrator in the course of making his decision, and includes arguments and evidence before the administrator at the time he made his decision. *See Hall v. UNUM Life Ins. Co. of America*, 300 F.3d 1197, 1201 (10th Cir. 2002); *Sandoval v. AETNA Life and Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir. 1992). The parties have not provided the administrative record to the Court. Therefore, at this juncture, the Court is unable to assess whether the Plan Administrator's decision was arbitrary and capricious.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiffs' Motion to Amend Complaint **(#44)** is **DENIED**.

(2) The Defendant's Motion for Summary Judgment **(#38)** is **DENIED**.

(3) The parties shall jointly file a stipulated copy of the administrative record no later than **April 30, 2007**, or, if they are unable to stipulate to the contents of the administrative record, a joint statement to that effect.

Dated this 28th day of March, 2007

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge